UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Nos. 3:13-CR-103 |
| v. | ) | 3:13-CR-124 |
| | ) | |
| RICKY GRATE, | ) | (VARLAN / SHIRLEY) |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

This case is before the Court on the Defendant's *pro se* requests for counsel [Case No. 3:13-CR-103, Doc. 29, and Case No. 3:13-CR-124, Doc. 34], which were docketed as motions to appoint counsel on November 16, 2015, and referred to the undersigned on March 11 and 28, 2016 [Case No. 3:13-CR-103, Doc. 32, and Case No. 3:13-CR-124, Doc. 35]. In his *pro se* filings, the Defendant states that he has discovered "new evidence" that reveals an error in his sentence. He asks the Court to appoint counsel to aid in correcting his "illegal[]" sentence. Attached to his *pro se* filings are a collection of documents that the Defendant refers to as an "evidence packet," which include a letter from the Defendant to United States Probation Officer Joseph Cuccia, stating that his Presentence Report is in error and that he should not have been sentenced as an Armed Career Criminal because his three 2003[1] Tennessee convictions for robbery (two counts) and aggravated robbery were imposed on the same day. Accordingly, he asserts that the sentences for these prior convictions must be treated as a single sentence and that these prior convictions cannot be counted as three separate violent felony convictions for

---

[1] The Defendant states that the sentences for these three state convictions were imposed on June 6, 2013, but the attached Judgments of conviction for these three felonies were all entered on June 20, 2003.

purposes of the Armed Career Criminal Act (ACCA).[2] In late 2015 [Case No. 3:13-CR-124, Doc. 35] and early 2016 [Case No. 3:13-CR-103, Doc. 30], the Court received letters from the Defendant, asking that his November 2015 "evidence packets" be treated as motions to correct an error in his sentence. The District Judge has also referred [Case No. 3:13-CR-103, Doc. 32] these motions to the undersigned.

On May 27, 2016, the Defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 39] in Case No. 3:13-CR-124. In this motion, the Defendant asserts he was erroneously sentenced under the ACCA because simple robbery is not a crime of violence. The Defendant contends this motion is timely because Johnson v. United States, 135 S. Ct. 2551 (2015), triggered a new substantive rule that has retroactive effect. The Defendant requests an evidentiary hearing and asks for the appointment of counsel to represent him on his petition. On June 7, 2016, Chief United States District Judge Thomas A. Varlan ordered [Case No. 3:13-CR-124, Doc. 40] the Government to respond to the Defendant's Motion to Vacate and directed that a copy of the Court's Order be served on Beth Ford at the Federal Defenders Services of Eastern Tennessee, pursuant to its Standing Order of February 11, 2016.[3]

For the reasons discussed below, the undersigned finds that the Defendant's motions for the appointment of counsel to represent him with regard to his motions to correct his sentence (i.e., his "evidence packets") are **DENIED**. The Court also **RECOMMENDS** that the

---

[2] Defendant also attaches the Judgments of conviction for these three state convictions and a copy of a page from the 2008 United States Sentencing Guidelines.

[3] By a Standing Order entered on February 11, 2016, the Court has instructed the Federal Defender Services (FDS) to "represent any defendant who seeks relief under § 2255 in light of Johnson." E.D. Tenn. SO-16-02 (Feb. 11, 2016).

Defendant's motions to correct his sentence based upon his evidence packets be summarily denied as untimely and clearly without merit.

## I.     BACKGROUND

Defendant Grate was charged in case number 3:13-CR-103 with being a previously convicted felon in possession of a firearm and ammunition. He was charged in case number 3:13-CR-124 with four counts of distributing of crack cocaine. On May 9, 2014, the Defendant entered a change of plea in both cases before Chief District Judge Varlan to being a felon in possession of a firearm and a single count of distributing crack cocaine. The Judgment [Doc. 24] of conviction, imposing 180 months incarceration, was entered in both cases on September 25, 2014. On July 16, 2015, the Defendant filed a *pro se* motion [Case No. 3:13-CR-124, Doc. 25] to appoint counsel to assist him in challenging his sentence pursuant to the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015).[4] The undersigned denied [Doc. 30] the appointment of counsel, finding that the Defendant had not demonstrated that he is indigent and that Johnson did not apply because it did not appear that the Defendant's sentence was increased pursuant to the residual clause of the Armed Career Criminal Act (ACCA). The Defendant subsequently filed the instant motions for counsel and motions to correct his sentence.

---

[4] This motion was filed before the entry of the aforementioned Standing Order of February 11, 2016.

3

## II. ANALYSIS

Based upon a careful review of the record and the law, the Court finds no basis for the appointment of counsel and recommends that the Defendant's motions to correct his sentence (the motions based upon his evidence packets) be denied as untimely.

### A. Requests for the Appointment of Counsel

Based upon the current state of the record, the Court concludes that the Defendant is not entitled to appointed counsel with regard to his motions to correct his sentence based upon his evidence packets. The Court finds that the Defendant seeks to mount a collateral attack on his sentence. The Defendant does not enjoy a constitutional right to counsel at this juncture. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . . Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"). Instead, the Criminal Justice Act provides that the Court *may* appoint counsel for a "financially eligible person . . . making a collateral attack upon a sentence (28 U.S.C. § 2255)," if the Court "determines the interests of justice so require[.]" 18 U.S.C. § 3006A; see Foster v. United States, 345 F.2d 675, 676 (6th Cir. 1965) (per curiam) (holding that the appointment of counsel in relation to a collateral attack on the judgment or sentence is not a matter of right).

As an initial matter, the instant Defendant has failed to demonstrate that he is a financially eligible person. The Court observes that the Defendant was represented by retained counsel on the underlying charges. The Defendant has not provided the Court with a financial affidavit or any other documentation that would allow the Court to determine whether the Defendant is financially unable to hire an attorney himself. Although the Defendant states that

4

he is "indigent and can send paperwork to prove this," he failed to include a financial affidavit or to supplement his filings with a financial affidavit. In its August 27, 2015 Order [Doc. 30] denying the Defendant's earlier *pro se* request [Doc. 25], the undersigned expressly informed the Defendant that he needed to demonstrate his financial need by providing a financial affidavit. The Defendant did not heed this request in the instant requests for counsel.

Second, the Court finds that the Defendant is not entitled to the appointment of counsel on his motions to correct his sentence based upon his evidence packets under the Court's February 11, 2016 Standing Order, because the instant motions to correct his sentence are not "Johnson claims," i.e., they do not arise out of the Supreme Court's finding in the Johnson case that the residual clause of the ACCA is unconstitutionally vague. See Id. at 2563.[5]

Third, although 18 U.S.C. § 2255(g) permits the Court to consider the appointment of counsel "in all proceedings brought under this section,"

> as a general rule that when a defendant is granted a hearing on a motion filed in pursuance of 2255 to vacate judgment of conviction and sentence, and it appears from his motion and the record of his arraignment, plea, conviction, and sentence, that there is doubt as to the court's jurisdiction, or that the sentence was in excess of the maximum authorized, or is otherwise subject to collateral attack, the court should grant the defendant's request for the appointment of counsel to represent him at the hearing.

Vinson v. United States, 235 F.2d 120, 122 (6th Cir. 1956). In the instant case, the undersigned finds, as discussed below, that procedural problems with the instant motions to correct the sentence foreclose the possibility of an evidentiary hearing on the substance of his claims. For

---

[5] The Defendant's failure to establish his indigency affects his ability to receive counsel under the Standing Order as well. The Standing Order directs "[a]ny defendant who was not previously represented by FDS or a CJA attorney" to "complete an *in forma pauperis* application and file the application with the Court." E.D. Tenn. SO-16-02 (Feb. 11, 2016).

all of these reasons, the Defendant's requests for the appointment of counsel [Case No. 3:13-CR-103, **Doc. 29**, and Case No. 3:13-CR-124, **Doc. 34**] are **DENIED**.

### B. Motions to Correct Sentence

In both of his cases, the Defendant moves [Case No. 3:13-CR-103, Doc. 30, and Case No. 3:13-CR-124, Docs. 34 & 35] to correct his 180 month sentence, arguing that he is not a qualifying offender under the ACCA because his 2003 Tennessee convictions occurred in a single day and must be considered a single conviction for purposes of the ACCA. The Court finds that these motions should be summarily denied because the "motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b).

First, the Court observes that the Defendant has filed each "evidence packet" beyond the one-year statute of limitations for filing a motion under § 2255. 28 U.S.C. § 2255(f)(1). A prisoner must file a motion under § 2255 within one year of "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1), -(4). In cases in which a defendant does not file a direct appeal, the statute of limitations begins to run when the time for filing a direct appeal has elapsed. Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004). A defendant's notice of appeal must be filed within fourteen days after the entry of the judgment of conviction. Fed. R. Crim. App. 4(b)(1). Defendant Grate's Judgment of conviction was entered on September 25, 2014. The Defendant filed his motion, i.e., the evidence packet, on November 16, 2015, which was more than a month beyond the expiration of the one-year statute of limitations.

The Defendant characterizes his claim that his three 2003 Tennessee convictions were entered on the same day as "new evidence." He alleges [Doc. 34] that neither United States Probation Officer Joseph Cuccia (who prepared the Defendant's Presentence Report), nor his attorney, were aware at the time of his sentencing hearing that the three 2003 Tennessee convictions were entered on the same day. This allegation is belied by the fact that the revised Presentence Report [Case No. 3:13-CR-124, Doc. 22], prepared by Mr. Cuccia and reviewed by defense counsel, expressly states that these three convictions were entered on the same day. Thus, the fact that the three Judgments for the Defendant's 2003 Tennessee convictions were entered on the same day was known at the time of the Defendant's sentencing hearing and is not new evidence. Accordingly, the Defendant does not qualify for his one-year statute of limitations to begin running from a later date on which the facts supporting his claim were belatedly discovered. See 28 U.S.C. § 2255(f)(4). The Defendant's motions to correct his sentence should be denied as untimely.

Second, the Court observes that, in his plea agreement [Case No. 3:13-CR-103, Doc. 16, Case No., 3:13-CR-124, Doc. 14], the Defendant waived the right to file motions collaterally attacking his conviction or sentence, including motions under § 2255, with the exception of raising "claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment." The instant motions raise neither of these exceptions to the Defendant's waiver. Moreover, as discussed above, the undersigned finds that the instant issue relating to the three 2003 Tennessee convictions was known to the Defendant at the time of his September 25, 2014 sentencing hearing, given that these convictions were set out in his September 17, 2014 revised Presentence Report as all occurring on June 20, 2003 [see Case No. 3:13-CR-124, Doc. 22, Sealed, ¶10]. Thus, the "motion and the files and the

7

records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b).

### III. CONCLUSION

First, the Court finds that the Defendant is not entitled to the appointment of counsel with regard to his two *pro se* motions collaterally attacking his sentence with relation to his "evidence packets." The Defendant's *pro se* motions for the appointment of counsel [Case No. 3:13-CR-103, **Doc. 29**, and Case No. 3:13-CR-124, **Doc. 34 (denied in part)**] are **DENIED**.

The undersigned also **RECOMMENDS** that the District Judge summarily deny the Defendant's two *pro se* motions [Case No. 3:13-CR-103, **Docs. 30**, and Case No. 3:13-CR-124, **Docs 34 & 35**] to correct his sentence because they are untimely and a review of the record reveals that they are without merit.[6] This recommendation as to the Defendant's first collateral attack of his sentence in Case No. 3:13-CR-124 does not extend to the Defendant's second motion to vacate his sentence pursuant to § 2255 [Case No. 3:13-CR-124, Doc. 39], which is also pending before the Court.

---

[6] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Defendant at the return address listed in the Defendant's June 13, 2016 letter [Case No. 3:13-CR-124, Doc. 41] inquiring about the status of his most recent motion to vacate his sentence.

**Respectfully submitted,**

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

9

Case 3:13-cr-00124-TAV-CCS   Document 43   Filed 07/12/16   Page 9 of 9   PageID #: 159