UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| RICKY GRATE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:13-CR-103-TAV-CCS-1 |
| | ) | 3:13-CR-124-TAV-CCS-1 |
| UNITED STATES OF AMERICA, | ) | 3:16-CV-273-TAV |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [*Grate II*, Doc. 39],[1] and a report and recommendation from Magistrate Judge Shirley resolving preexisting pro se requests for counsel and collateral relief [*Grate I*, Doc. 33; *Grate II*, Doc. 43]. Petitioner bases the former on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Grate II*, Doc. 39]. For the following reasons, Magistrate Judge Shirley's report and recommendation [*Grate I*, Doc. 33; *Grate II*, Doc. 43] will be **ADOPTED IN WHOLE** and Petitioner's subsequently-filed *Johnson*-based collateral challenge [*Grate II*, Doc. 39] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[1] Petitioner was charged in two separate criminal case;, the first involved possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [E.D. Tenn. Case No. 3:13-CR-103-TAV-CCS-1], and the second involved distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) [E.D. Tenn. Case No. 3:13-CR-124-TAV-CCS-1]. For purposes of clarity, all references to the first case [E.D. Tenn. Case No. 3:13-CR-103-TAV-CCS-1] will be denoted as *Grate I* and all references to the second case [E.D. Tenn. Case No. 3:13-CR-124-TAV-CCS-1] will be marked *Grate II*.

## I. BACKGROUND

In 2014, Petitioner pled guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), and distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) [*Grate I*, Docs. 16, 17, 19, 26; *Grate II*, Docs. 14, 15, 16, 24]. Based on several prior Tennessee convictions—three for simple robbery and one for aggravated robbery, the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's fifteen-year mandatory minimum sentence [*Grate I*, Doc. 19 ¶¶ 28, 35, 36, 64, 65]. In accordance with that designation, this Court sentenced Petitioner an aggregate term of 180 months' incarceration on September 25, 2014—consisting of concurrent 180-month terms for both the gun and drug offense [*Grate I*, Doc. 26; *Grate II*, Doc. 24]. No appeal was taken and Petitioner's conviction became final on October 9, 2014, at the expiration of time to appeal. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. Proc. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within [fourteen] days after . . . the entry of . . . judgment.").

Over one year later—on November 16, 2015 and January 4, 2016—Petitioner filed pro se motions for the appointment of counsel and requesting collateral relief from his aggregate sentence based on simultaneously submitted "evidence packets" [*Grate I*, Doc. 30; *Grate II*, Doc. 34, 35]. This Court referred resolution of those motions to Magistrate Judge Shirley on March 11, 2016 [*Grate I*, Doc. 32; *Grate II*, Doc. 36]. During pendency of that referral—on May 27, 2016, Petitioner submitted an additional challenge based on the *Johnson* decision [*Grate II*, Doc. 39].

On July 12, 2016, Magistrate Judge Shirley entered a report and recommendation (R&R) denying Petitioner's pro se motions so far as they requested the appointment of counsel and recommending that this Court summarily deny those same motions so far as they seek to collaterally challenge Petitioner's sentence based on the "evidence packets" [*Grate I*, Doc. 33; *Grate II*, Doc. 43]. The R&R does not address Petitioner's intervening *Johnson*-based challenge.

## II. REPORT AND RECOMMENDATION

In the R&R, Magistrate Judge Shirley denies Petitioner's pro se motions so far as they request the appointment of counsel and recommends that the Court deny those same motions so far as they seek to collaterally challenge Petitioner's aggregate sentence based on simultaneously submitted "evidence packets" [*Grate I*, Doc. 33; *Grate II*, Doc. 43]. Neither the United States nor Petitioner have filed objections to the R&R and enough time has passed to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After reviewing the matter, the Court is in agreement with Magistrate Judge Shirley's recommendations, which the Court adopts and incorporates into its ruling. Accordingly, the Court will **ACCEPTS IN WHOLE** the R&R [*Grate II*, Doc. 43]. Petitioner's pro se motions [*Grate I*, Doc. 30; *Grate II*, Doc. 34] will be **DENIED**.

## III. RESOLUTION OF PETITIONER'S INTERVENING CLAIM

### A. Standard of Review

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and

establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### B. Propriety of Petitioner's ACCA enhancement after the *Johnson* decision

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). Only the third portion of the above definition—the residual clause—was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015). Nor does *Johnson* disrupt the use of a defendant's prior serious drug offenses as an independent form of ACCA predicate conviction. *See, e.g.*, *United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *9–13

4

(E.D. Mich. Sept. 20, 2015) (noting that *Johnson* does not affect a defendant's categorization as an armed career criminal based on his or her prior serious drug offenses).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (denying petition where conviction qualified as a predicate offense independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n.1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

Review of Petitioner's PSR reveals that four of his prior convictions categorically qualify as ACCA predicate offenses independent of the now-defunct residual clause. Specifically, binding Sixth Circuit authority dictates that all four of Petitioner's prior Tennessee robbery convictions categorically qualify as violent felonies under the ACCA use-of-physical-force clause. *See, e.g.*, *United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) ("[T]he Supreme Court's holding in *Johnson* leaves unaffected this Court's determination that simple robbery in Tennessee is a predicate offense under the 'use-of-physical-force' clause."); *United States v. Bailey*, No. 14-6524, 2015 WL 4257103, at *4 (6th Cir. July 15, 2015) ("Tennessee convictions for aggravated robbery and robbery are categorically violent felonies under the ACCA's use-of-physical-force clause."); *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (holding that all forms of Tennessee robbery are categorically violent felonies under the ACCA's

5

use-of-physical-force clause).  Because at least four prior convictions remain violent felonies under provisions unaffected by the *Johnson* decision, Petitioner has not established an entitlement to relief.

## IV.   CONCLUSION

For the reasons discussed, Magistrate Judge Shirley's report and recommendation [*Grate I*, Doc. 33; *Grate II*, Doc. 43] will be **ADOPTED IN WHOLE** and Petitioner's subsequently-filed § 2255 motion [*Grate II*, Doc. 39] will be **DENIED** and **DISMISSED WITH PREJUDICE**.  The Clerk's Office will be directed to **CLOSE** the associated civil case [E.D. Tenn. Case No. 3:16-CV-273-TAV].  The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE